IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GUILHERME ALEXSANDRO DIAS SOUZA,

  Petitioner,

  v.           3:26cv0824

WARDEN, MOSHANNON VALLEY ICE    ELECTRONICALLY FILED
PROCESSING CENTER, ET AL.,

  Respondents.


**MEMORANDUM ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER TO PREVENT REMOVAL
AND TRANSFER OF PETITIONER (Doc. 6)**

Pending is Petitioner's Emergency Motion for Temporary Restraining Order to Prevent

Removal and Transfer of Petitioner ("TRO Motion").  (Doc. 6).

As explained by the district court in *Johnson v. Harry*, No. 3:24-194, 2026 WL 993778

(W.D. Pa. Jan. 13, 2026) (Haines, J.):

> in order to obtain a temporary restraining order (a "T.R.O.") a Plaintiff must show
> that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable
> harm to the Plaintiff, (3) granting the injunction will not result in irreparable harm
> to the respondent(s), and (4) granting the injunction is in the public interest. *Reilly
> v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); *Maldonado v. Houston*,
> 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D.
> Pa. 1994) ("The standards for a temporary restraining order are the same as those
> for a preliminary injunction."). The first two factors, likelihood of success on the
> merits and irreparable harm, "operate both as essential elements and as factors that
> guide the exercise of equitable discretion. They are elements because the failure of
> the moving party to make either of those threshold showings is fatal to the issuance
> of a preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v.
> Pennsylvania Environmental Hearing Bd.*, 108 F.4th 144, 150 (3d Cir. 2024)
> (emphasis added).

*Johnson*, 2026 WL 993778, at *1.

Petitioner's TRO Motion is premised on the claim in Petitioner's habeas petition that "his

continued detention violates due process and is not reasonably related to a legitimate civil

detention purpose," and his request to either be immediately released "or, at a minimum,"

provided "a prompt individualized bond hearing before a neutral decisionmaker at which the

government bears the burden of proving by clear and convincing evidence that continues

detention is necessary."  (Doc. 6 at 4-5).

Petitioner further asserts:

Absent a TRO, Petitioner faces immediate and irreparable harm.

Removal from the United States or transfer from Moshannon Valley ICE Processing Center would:

1. interfere with this Court's habeas jurisdiction;
2. impair counsel's ability to communicate with Petitioner;
3. frustrate Petitioner's pending BIA appeal, Emergency Motion to Remand, and stay request;
4. prevent counsel from obtaining and reviewing the complete Record of Proceedings with Petitioner;
5. risk mooting or materially impairing this habeas action; and
6. expose Petitioner to removal before meaningful administrative and judicial review can occur.

(Id. at 5).

Contrary to Petitioner's assertions, having reviewed Petitioner's habeas petition (Doc. 1)

and TRO Motion (Doc. 6), the Court finds, for the following reasons, that Petitioner's request for

a TRO is denied because Petitioner has not shown, with respect to Petitioner's claim "that his

continued detention violates due process and is not reasonably related to a legitimate civil

detention purpose," that denial of Petitioner's TRO Motion will result in irreparable harm to

Petitioner, and therefore, Petitioner's TRO Motion (Doc. 6) is DENIED.

First, to the extent Petitioner's TRO Motion argues that Petitioner will suffer irreparable

harm if he is removed from the United States by Respondents prior to his habeas petition being

adjudicated, Petitioner has clearly pled that he is not the subject of a final order of removal and

has not set forth facts in his Petition or Motion which suggest that Respondents intend to

2

imminently effectuate his removal.  As such, Petitioner has failed to demonstrate that "it is more likely than not" that he will "suffer irreparable harm in the absence of [the] preliminary relief" sought by Petitioner, *i.e.*, enjoining Respondents from removing Petitioner from the United States, or at least without first providing written notice to Petitioner's counsel and the Court, while Petitioner's habeas petition is pending.  *Id.*

Second, the court holds that Petitioner has not demonstrated reasonable likelihood of success on the merits with respect to the request to enjoin or otherwise stay his underlying removal proceedings. As an initial matter, the Court has substantial doubts as to whether it has jurisdiction to stay proceedings on removal pending its detention determination.  Title 8 U.S.C § 1252(a) divests district courts of jurisdiction over a broad area of matters relating to removal proceedings, and the United States Court of Appeals for the Third Circuit has interpreted the jurisdictional bar to review of issues relating to removability broadly.  *See Khalil v. Pres., U.S.,* 164 F.4th 259 (3d Cir. 2026).

Third, to the extent Petitioner argues that he will suffer irreparable harm if he is transferred to another detention facility by Respondents, this Court lacks jurisdiction to prevent Petitioner's transfer to another facility while this matter is pending.  Congress has vested the Secretary of Homeland Security and his/her delegates, such as United States Immigration and Customs Enforcement ("ICE") with the authority to detain aliens pending a decision on their removal proceedings.  8 U.S.C. §§ 1231(a)(2), 1226(a), (c)(1).  And Congress has vested the Department of Homeland Security ("DHS") with the discretion to set the place of detention. 8 U.S.C. § 1231(g)(1); *Sinclair v. Att'y Gen.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006) (collecting cases).  Within DHS' discretion is the authority to transfer aliens from one detention center to another.  *Calla-Collado v. Att'y Gen.*, 663 F.3d 680, 685 (3d Cir. 2011).  Reading

§ 1231(g)(1) together with Congress's limitations in 8 U.S.C. § 1252(a)(2)(B)(ii) on federal district courts' jurisdiction to review discretionary actions by DHS, federal district courts have concluded that they lack jurisdiction to review DHS' decisions under § 1231. *See, e.g., Jane v. Rodriguez*, Civ. No. 20-5922, 2020 WL 10140953, *1-2 (D.N.J. May 22, 2020) (citing cases). Nor does the All Writs Act, 28 U.S.C. § 1651, provide the Court with jurisdiction to enjoin transfer. *Barrios v. Att'y Gen.*, 452 F. App'x 196, 198 (3d Cir. 2011) (jurisdiction-stripping provision in section § 1252(g) of INA, which is identical to jurisdiction-stripping language of §1252(a)(2)(B)(ii), is not superseded by All Writs Act).

Fourth, the Court finds that Petitioner has failed to demonstrate that "it is more likely than not" that he will "suffer irreparable harm in the absence of [the] preliminary relief" sought by Petitioner if Respondents are not enjoined from transferring Petitioner to another facility while this matter is pending, or at least without first providing written notice to Petitioner's counsel and the Court. *Reilly*, 858 F.3d at 179. In so holding, the Court expressly disagrees with Petitioner's assertions that a transfer to another facility would cause Petitioner irreparable harm in the form of interfering with this Court's habeas jurisdiction,[1] impairing counsel's ability to communicate with Petitioner, frustrating Petitioner's pending BIA appeal, Emergency Motion to Remand, and stay request, preventing counsel from obtaining and reviewing the complete Record of Proceedings with Petitioner, or risking the mooting or materially impairing this habeas action.

Having so found, the Court understands Petitioner's habeas petition to ultimately be seeking a prompt review of the lawfulness of Petitioner's detention, and relief, in the form of, at

---

[1] S*ee Khalil*, 164 F.4th at 270 (holding that the government's post-filing transfer of a habeas petitioner out of a district court's territorial jurisdiction does not deprive the district court of jurisdiction over the petition).

a minimum, an individualized bond hearing.  Consistent therewith, an expedited case

management schedule will issue forthwith.

<div style="margin-left:45%;">

SO ORDERED this 11th day of May, 2026,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

</div>

cc:  ECF Counsel of Record