IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GUILHERME ALEXSANDRO DIAS SOUZA,

       Petitioner,

    v.

WARDEN, MOSHANNON VALLEY ICE
PROCESSING CENTER, ET AL.,

       Respondents.

3:26cv0824

ELECTRONICALLY FILED

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART
PETITIONER GUILHERME ALEXSANDRO DIAS SOUZA'S PETITION FOR WRIT
OF HABEAS CORPUS (Doc. 1)**

Pending is Petitioner Guilherme Alexsandro Dias Souza's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).

I.      **Background**

By way of Petitioner's habeas petition, Petitioner seeks: "emergency relief from unlawful immigration detention. Petitioner requests immediate release from ICE custody, or alternatively, a prompt individualized bond hearing before a neutral decisionmaker at which the government bears the burden of proving by clear and convincing evidence that continued detention is necessary." (*Id*. at 2).

On May 19, 2026, Respondents filed their response in opposition to Petitioner's habeas petition.  (Doc. 12).

On May 22, 2026, Petitioner filed his reply to Respondents' response.  (Doc. 13).

Accordingly, this matter has been fully briefed and is ripe for adjudication.

## II.    Discussion and Conclusions

The issues before the Court are: (1) whether Petitioner is subject to discretionary detention pursuant to 8 U.S.C. §1226(a) ("Section 1226(a)"), as contended by Petitioner, or mandatory detention under 8 U.S.C. § 1225(b) ("Section 1225(b)"), as contended by Respondents; and (2) if Petitioner's detention is governed by Section 1226(a), what is the relief to which Petitioner is entitled as of today's date, July 1, 2026.

The documents of record support that: (1) Petitioner is a native and citizen of Brazil; (2) Petitioner entered the United States as a minor, with his mother and brother, on or about December 24, 2014, they were encountered by a Border Patrol Agent, and were processed for expedited removal; (3) Petitioner, his mother and brother were issued a Notice to Appear on or about February 12, 2015; (4) Petitioner's mother expressed reasonable fear of persecution or torture, the case was referred to an Immigration Judge ("IJ"), and Petitioner was paroled during the pendency of his immigration proceedings; (5) on or about August 2, 2019, Petitioner, his mother, and brother appeared for a merits hearing before the Newark Immigration Court; (6) on or about January 20, 2026, Petitioner was arrested by the Pennsylvania State Police for DUI, Controlled Substance, Possession of Small Amount Marijuana, and Possession of Drug Paraphernalia; (7) after Petitioner's arrest, Petitioner's fingerprints were submitted to DHS/ICE databases, and DHS issued a detainer and warrant of arrest for Petitioner; (8) on January 21, 2026, the Cumberland County Prison notified ICE that Petitioner was subject to be released from Cumberland County Prison, and upon his release, Petitioner was detained by DHS/ICE; (9) on March 23, 2026, Petitioner, his mother, and brother were denied asylum, withholding of removal, and protection under the Convention Against Torture, and ordered removed to Brazil; (10) on April 14, 2026, Petitioner pleaded guilty to "DUI: General Impairment/Incapacity of

2

Driving Safely-1st Offense" in violation of 75 Pa.C.S. § 3802(a)(1), and was sentenced to probation; (11) on April 24, 2026, Petitioner filed a Notice of Appeal, Emergency Motion to Remand, and request for stay of removal with the Board of Immigration Appeals ("BIA") (*i.e.,* there is not a final order of removal in effect as to Petitioner); and (12) Petitioner currently is detained at Moshannon Valley Processing Center.  (Doc. 1, Doc. 12-1 through 12-6).

In support of their position that Petitioner is subject to mandatory detention pursuant to Section 1225(b), Respondents rely on the BIA's decision in *Matter of M-S-*, 27 I. & N. Dec. 509, 515-17 (A.G. 2019), which states that aliens "originally placed in expedited proceedings and then transferred to full proceedings after establishing a credible fear . . . remain ineligible for bond, whether they are arriving at the border or are apprehended in the United States."  (Doc. 12 at 3). The Court is not persuaded by Respondents' reliance on *Matter of M-S-, supra.,* to attempt to distinguish this habeas petition from others granted by this Court.  Specifically, unlike the noncitizen detainee in *Matter of M-S-,* who was in continuous custody, Petitioner was released into the United States. Petitioner's detention, thus, is governed by § 1226(a) and he has a statutory right to an individualized bond hearing.  *See Bohorquez-Hernandez v. Noem, et al.,* Civ. No. 3:26-231, Doc. 10 (W.D. Pa. Mar. 13, 2026) (Wiegand, J.) (reasoning: "Section 1226 applies to aliens who are 'already present in the United States[,]' *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of 'applicants for admission' to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). This Court joins the overwhelming majority of District Courts to hold that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the Country.").  Further, to the extent Respondents rely on the

3

decision of the district court in *Contreras v. Oddo*, Civ. No. 3:25-162, 2025 WL 2104428 (W.D. Pa. July 28, 2025) (Haines, J.), this decision, which is not binding on this Court, involved a motion for preliminary injunction and not a final adjudication on the merits of a habeas petition, Further, in a subsequent decision, when faced with facts substantially similar to the case currently before this Court, Judge Haines determined that the petitioner's detention was governed by Section 1226(a) and thus, entitled to a bond hearing *See Mohammed v. Noem*, Civ. No. 3:25-573 (W.D. Pa. Feb. 5, 2026) (Doc. 11) (Haines, J.) (where petitioner was detained near the border and admitted that he had entered the United States illegally, initially placed in expedited removal proceedings, later moved into full removal proceedings, and then re-detained, court concluded that petitioner's detention was governed by Section 1226(a) and not Section 1225(b), and granted habeas petition to extent that petitioner was entitled to a section 1226(a) bond hearing).

Accordingly, the Court finds that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and not 8 U.S.C. § 1225(b) and thus, GRANTS Petitioner's habeas petition and ISSUES the writ on these terms: (1) Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing to occur within 30 days of this order, or else release Petitioner by such date; (2) Respondents shall ensure that such a hearing includes the required due process, *i.e.,* at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility,* No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); and (3) Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing.  The Court

trusts the immigration judge to comply with this order and ensure that Petitioner is provided due process, and therefore, the immigration judge shall explain his or her individualized determination on the record.  *See Kamara v. Atty Gen. of U.S.*, 420 F.3d 202, 212 (3d Cir. 2005).

Otherwise, Petitioner's habeas petition is DENIED, including to the extent that Petitioner seeks an order: (1) immediately releasing Petitioner from ICE custody under reasonable conditions of supervision; (2) setting a bond hearing at which DHS bears the burden of proving by clear and convincing evidence that continued detention of Petitioner is necessary; (3) requiring Respondents to preserve Petitioner's access to counsel, privileged communications, legal materials, and legal calls; (4) requiring Respondents to provide prompt notice of any scheduled removal, transfer, or custody change, and (5) awarding reasonable attorney fees and costs.

More specifically, where, as here, Petitioner has been detained for approximately five (5) months at MVPC, albeit under the wrong statute, due process under the Fifth Amendment to the United States Constitution is satisfied by providing Petitioner with an individualized bond hearing before an immigration judge which comports with due process, as the Court has ordered above, and does not require immediate release under conditions of supervision.  *See Pico Bano v. Mullen et al.,* Civ. No. 4:26-1449, 2026 WL 1726260, at *5 (M.D. Pa. June 15, 2026) (concluding: "[T]the Court notes that Pico Bano asks only for immediate release from custody as a remedy in this matter—not a bond hearing.  However, it is this Court's ordinary practice to order the Government to provide a petitioner with a bond hearing, as 8 U.S.C. § 1226(a) does not entitle an individual to release, but only to such a hearing. Moreover, the Court is of the view that an immigration judge 'is better suited to consider whether Petitioner poses a flight risk and a danger to the community' when evaluating the factors relevant to a bond determination, and

immigration judges 'would have greater access to information that could resolve any factual disputes.' Consequently, the Court will not order Pico Bano's immediate release, but will instead direct Respondents to provide him with a bond hearing.") (footnotes omitted).

Nor, under the facts of this case, does due process mandate a bond hearing in which the burden of proof shifts to DHS to establish, by clear and convincing evidence, that Petitioner is a flight risk and a danger to the community. *See Abai Makeshov. v. Oddo et al.,* Civ. No. 3:26-808, 2026 WL 1579023, at *2 (W.D. Pa. June 3, 2026) (Conti, J.) (explaining: "[Petitioner] argues there was a constitutional defect in the prior bond proceeding because the burden to prove he was not a flight risk was placed upon him, rather than the government having to prove he was a flight risk (ECF No. 1 at 9). That argument, however, is foreclosed by binding precedent.") (citing *Borbot v. Warden Hudson Cnty. Correctional Facility*, 906 F.3d 274, 279 (3d Cir. 2018)); *Modebadze v. Soto*, Civ. No. 26-1687, 2026 WL 1067835, at *1 (D.N.J. Apr. 17, 2026) (Shipp. J.) (reasoning: "As this Court explained in *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1 (D.N.J. Nov. 21, 2025), however, aliens such as Petitioner, although not subject to detention under § 1225(b)(2), are subject to the Government's discretionary detention authority under § 1226(a). Pursuant to that authority, the Government may detain aliens, but aliens must be accorded a bond hearing at which petitioners, and not the Government, bear the burden of demonstrating that they are neither a flight risk nor a danger to the community. *Id.*; *see also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, '[n]o court may set aside' the immigration judge's decision as to 'the denial of bond.' 8 U.S.C. § 1226(e). Because the burden of proof under section 1226(a) remains on aliens at all times, *Borbot*, 906 F.3d at 278-79, the immigration judge did not misapply the standard of proof by requiring Petitioner to show that he

6

was not a flight risk at his bond hearing."); *A.D. v. Oddo,* Civ. No. 25-460, 2026 WL 1251470, at *1, n. 3 (W.D. Pa. Feb. 12, 2026) (Haines, J.) (noting: "To be sure, the default in a bond hearing pursuant to 8 U.S.C. § 1226(a) places this burden upon the alien. Nothing in the Order conditionally granting habeas relief shifted the burden to DHS. ECF No. 31. To the contrary that Order, and its accompanying Memorandum Opinion, made clear that the hearing must "include all factors normally available to an immigration court in the context of an immigration bond hearing[,]" and that any additional habeas relief sought by Petitioner was denied. *Id.* at 1. Thus, while the Writ will issue for the reasons set forth herein, Petitioner's argument that the burden should have shifted to DHS explicitly is not among those reasons.") (citing *Borbot,* 906 F.3d at 279).

Nor has Petitioner set forth any facts which support that Respondents are not providing Petitioner meaningful access to counsel, privileged communications, legal counsel, and legal calls such that Respondents need to be ordered to do so.

Finally, as the United States Court of Appeals for the Third Circuit has not yet addressed whether a petitioner similarly situated to Petitioner is subject to detention pursuant to 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b), and other circuit courts of appeals are split on the issue, Respondents' position was substantially justified in this case, so no costs or fees shall be awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

SO ORDERED this 1st day of July, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel of Record

8